John Paola
vs.
John F. Kennedy, d. b. a. John F. Kennedy & Co., et al.
}  W. C. A. No. 1633

April 22, 1935.

JOSLIN, J. Heard on petition for relief under provisions of the Workmen's Compensation Act.

The respondent Kennedy was the employer. The Liberty Mutual Insurance Company was made a respondent by virtue of Sec. 5 of Art. V of the Act, the petitioner claiming that the Insurance Company had underwritten the risk.

There is no dispute that at the time of the accident which resulted in the petitioner's injuries, he was in the employ of Kennedy as a laborer; that said injuries were caused by an accident arising out of and in the course of said employment; that Kennedy and the petitioner were subject to the provisions of the Act; and that the employer had due knowledge of the injuries.

Kennedy offers no contest. The petitioner is clearly entitled to relief from the respondent Kennedy.

The Insurance Company issued its policy No. W. C. 345402. It is dated June 28, 1933. The term therein stated was ten days expiring July 8, 1933. It is in the usual form, carrying a coverage: "as respects personal injuries sustained by employees" for compensation and for medical expenses for which the employer is liable under the Act.

On June 28, 1933, the Insurance Company issued three copies of its certificate of insurance. in which the expiration date is stated to be "June 28, 1934". The petitioner argues that the

coverage was for one year; the Insurance Company that it was for ten days.

The accident occurred August 1, 1933, after the ten day period but within the one year period.

The question is: Was the insurance in effect on August 1, 1933?

The evidence shows that prior to June 28, Kennedy had been trying to obtain workmen's compensation insurance. On that date he applied to Mr. Sibley, a salesman of the Liberty Mutual Insurance Company. Sibley recorded the necessary data on the Company's application forms and submitted the same to Mr. Eames, the New England District Underwriter. Eames decided to have Kennedy and the character of his work investigated, so he agreed to and did cause to be issued a binder for the period of ten days from June 28 to July 8. On the same day Sibley wrote to Kennedy enclosing the ten day binder (Res. Ex. 1) and also a certificate of insurance (Pet. Ex. 1).

Also on the same day, Sibley wrote to the general contractor in New York (James Stewart & Co. Inc.) and to its Providence representative, enclosing a certificate of insurance. These certificates state that Kennedy "is at this date insured with the Liberty Mutual Insurance Company covering obligations imposed upon him by the Workmen's Compensation Law of Rhode Island". The policy is described as "Compensation Policy No. W. C. 345402 R. I. Expires June 28, 1934."

The Insurance Company's complete file (Res. Ex. 2) clearly proves that the Insurance Company immediately started an investigation with a view to determining the desirability of the risk, and on July 7th definitely decided it would not renew the same. On July 13 the policy in question was issued and forwarded to Kennedy who, if he is to be allowed, put the same in his files without reading it. The policy clearly states the expiration date as July 8, 1933.

The Court has carefully considered the evidence and the exhibits and is of the opinion that the Insurance Company never agreed to nor did it issue a policy for a one year term. All that Sibley did was to take the order from Kennedy. He had no authority to nor did he agree to a year coverage. Eames authorized the ten day binder and Sibley then made the changes in the application form. On July 6th or 7th Sibley notified Kennedy by telephone that his company would let the binder expire.

The certificate of insurance gives the expiration date as "June 28, 1934", thereby indicating, the petitioner argues, that the Insurance Company had agreed to a year coverage. We believe that said expiration date was placed in the certificate as a result of an error by a clerk. The petitioner argues that the Insurance Company is estopped to set this up. Apropos of this, Kennedy received the policy before the date of the accident and had he read it, would have known that the insurance had expired. We are not persuaded that Kennedy believed he had a full year's coverage. The doctrine of estoppel does not apply. *Anderson* vs. *Polley*, 54 R. I. 296.

Assuming that the policy was written for only ten days, the petitioner then argues that the policy once having been issued, it remains in force until notice of the failure to renew is recorded with the Commissioner of Labor.

Sec. 10 of Art. V of the Act provides that: "Every insurance company having written a policy insuring against liability for personal injuries to employees shall immediately notify the Commissioner of Labor of the issuance of such a policy" etc. "Upon * * * failure to renew the same every insurance company having written such policy shall immediately notify the said Commissioner of such * * * failure to renew."

144

The Insurance Company did not notify the Commissioner of Labor of the issuance of the policy until July 13. There was no notice from the Insurance Company of the failure to renew the insurance.

However, nowhere in the Act is there any provision which effects a renewal of the insurance or which continues the insurance in effect until such notification is given. The Court has no power to read such a provision into the Act. *Anderson* vs. *Polleys*, *supra*.

For the foregoing reasons, we are constrained to deny the petitioner relief against the Insurance Company.

There is no dispute about the benefits to which the petitioner is entitled against Kennedy. They are as follows:

From August 1, 1933 to May 5, 1934, and from June 16, 1934, to the present at the rate of $13.50 per week; R. I. Hospital bill and Dr. Frank B. Littlefield's bill in the sum of $214 and $100 respectively.

Decree may be entered accordingly.

For petitioner: Michael Addeo, Esq.

For respondent Insurance Co.: Mortimer W. Newton, Joseph E. Fitzpatrick.